IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEANDRE BRADLEY,<br>#M05197,<br><br>      Plaintiff,<br><br>v.<br><br>ALEX JONES,<br>ROB JEFFREYS,<br>FRANK LAWRENCE,<br>DAVID EVELSIZER,<br>DAVID GARCIA,<br>SHANE SULSER,<br>SERGEANT BLAKE,<br>C/O ROBINSON,<br>C/O EVINGER,<br>JAMES BROCKMYER,<br>JOHN DOE 1, *Correctional Officer*,<br>JOHN DOE 2, *Lieutenant*,<br>ROSE,<br>RON SKIDMORE,<br>JOHN DOE 3, *Mental Health Doctor*, **and**<br>UNKNOWN PARTY, *Mailroom Staff*,<br><br>      **Defendants.** | Case No. 20-cv-00139-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

      Plaintiff Deandre Bradley, along with a civil complaint, has filed a Motion for Temporary Restraining Order ("TRO") and Preliminary Injunction Relief Via Emergency asking the Court to order immediate release so that he can litigate his civil cases without interference. (Doc. 2). Bradley claims that Defendants are denying him access to the courts by (1) mishandling his legal mail; (2) charging him with an additional crime while incarcerated and denying him constitutional rights in the ongoing criminal proceedings;

and (3) unlawfully revoking his good time credits. He states that Defendants are intentionally trying to keep him in prison for asserting his right to redress grievances in civil courts.

In order to obtain relief, whether through a temporary restraining order or a preliminary injunction, Bradley must demonstrate that: (1) his underlying case has some likelihood of success on the merits; (2) no adequate remedy at law exists; and (3) he will suffer irreparable harm without the injunction. *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007).

The Motion is denied at this time. First, Bradley's Section 1983 action does not empower this Court to grant him habeas relief or release from confinement. Furthermore, injunctive relief is appropriate only if it seeks relief of the same character sought in the underlying suit, and Bradley's claims regarding constitutional violations in his current state criminal case and revocation of his good-time credits are outside the scope of his Complaint. *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *Daniels v. Dumsdorff*, No. 19-cv-00394-NJR, 2019 WL 3322344 at *1 (S.D. Ill., July 24, 2019). If Bradley wishes to seek relief for these unrelated claims, he must file a separate Section 1983 action or habeas corpus petition.

Finally, Bradley's claims of First Amendment violations regarding the mishandling of his legal mail do not amount to the immediate and irreparable harm necessary for emergency relief. Bradley does not have a right to be present when mail is opened that is not from an attorney who represents him or from whom he seeks representation, *Kaufman v. McCaughtry*, 419 F.3d 678, 686 (7th Cir. 2005), and other than the claim that his civil negligence complaint was not properly mailed in December 2019

and is now time barred, there is no indication that Bradley is currently being denied meaningful access to the courts. The Court notes that in addition to filing the motion for a TRO and a preliminary injunction, Bradley filed a complaint and a motion to proceed *in forma pauperis*—over 100 pages of documents. *See United States v. Sykes*, 614 F.3d 303, 311 (7th Cir. 2010); *Guajardo-Palma v. Martinson*, 622 F.3d 801, 806 (7th Cir. 2010). To the extent that Bradley is arguing that emergency injunctive relief is needed to protect other civilians from the mishandling of mail, as he has received personal documents that belong to other individuals containing private information, Bradley is entitled to assert only his own rights. *Massey v. Helman,* 196 F.3d 727, 739-40 (7th Cir. 1999). Thus, the Court will only consider the alleged harms against him.

Accordingly, the Motion for a Temporary Restraining Order and Preliminary Injunction is **DENIED** without prejudice.

**IT IS SO ORDERED.**

**DATED:** February 10, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**