IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEANDRE BRADLEY, | ) |
| | ) |
|         Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-cv-139-DWD |
| | ) |
| ALEX JONES, | ) |
| DANIEL GARCIA, | ) |
| MATTHEW BLAKE, | ) |
| TYLER ROBINSON, | ) |
| BRIAN EVINGER, | ) |
| AMANDA ROSE, | ) |
| | ) |
|         Defendants. | ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Plaintiff Deandre Bradley alleges that Defendants subjected him to cruel and unusual punishment in violation of his Eighth Amendment rights while he was an inmate in the custody of the Illinois Department of Corrections. On December 30, 2020, Defendants Blake, Evinger, Garcia, Jones, and Robinson filed a motion for summary judgment on the issue of exhaustion (Doc. 48). With their motion, Defendants filed a notice pursuant to Federal Rule of Civil Procedure 56 warning Bradley of the consequences of failing to respond to a motion for summary judgment in a timely manner. Defendant Amanda Rose separately filed an exhaustion-based summary judgment motion on January 4, 2021. (Doc. 54).

The deadlines for Bradley to respond to Defendants' motions have come and gone, but Bradley has not responded to either motion. As a result, the motions are unopposed.

Because the motions are unopposed, the Court deems admitted Defendants' undisputed material facts, but Bradley's failure to respond to a summary judgment motion cannot "automatically result in judgment for the movant[s]" as they still bear the "burden of persuasion … to show that [they are] entitled to judgment as a matter of law." *Raymond v. Ameritech Corp.*, 442 F.3d 600, 608 (7th Cir. 2006)(citations omitted).

**FACTUAL BACKGROUND**

As limited by the Court's threshold order and by the dismissal of unidentified and unserved defendants, Plaintiff Deandre Bradley is proceeding on four claims:

Count 1: Eighth Amendment claim against Defendants Garcia, Blake, Robinson, and Evinger for the use of excessive force on October 27, 2019;

Count 2: Assault and battery claim under Illinois law against Defendants Garcia, Blake, Robinson, and Evinger for the use of force on October 27, 2019;

Count 3: Eighth Amendment claim against Defendants Garcia, Blake, Robinson, and Evinger for removing Bradley's catheter and diaper while he was unconscious on October 27, 2019; and

Count 4: Eighth Amendment against Defendant Rose for failure to intervene and failure to protect Bradley on October 27, 2019.

(Doc. 18). According to his complaint, Bradley was in segregation on October 27, 2019. Defendant Garcia, a correctional officer, allegedly refused to give Bradley out-of-cell time to attend a mental health group. In protest, Bradley used his arm to prevent Garcia from closing the chuckhole in his cell door. Garcia's supervisors, including Defendant Blake, were alerted and arrived to also deny Bradley out-of-cell time. Defendant Brockmeyer then came and told Bradley to remove his arm from the chuckhole. Bradley alleges that,

when he refused to move his arm, Defendants grabbed, pulled, punched, and kicked him in the arm, hand, and shoulder.

Ultimately, Bradley was taken to his mental health group where he had interactions with Defendant Rose, a behavioral health tech. Bradley alleges that he was then beaten again. Bradley was removed from his wheelchair by Defendants, and they began kicking and stomping on him. He lost consciousness, and, when he awoke, his clothing and diaper had been removed. Bradley was then placed back in his wheelchair and taking to a crisis cell by Defendant Garcia, who struck his face during the transfer.

Defendants' motions point to two fully exhausted grievances filed related to the events on October 27, 2019. The first grievance, No. 222-11-19, refers to Officer Brockmeyer, who was dismissed as a party to this action in November 2020, by name and describes him as the person who assaulted Bradley through the chuckhole on October 27, 2019. The grievance mentions other unnamed officers, but it only mentions Brockmeyer as involved in the alleged altercation. These other, unnamed officers allegedly destroyed Bradley's property while he was away from his cell at mental health group and on crisis watch. The grievance does not describe in any detail the denial of medical care or any interactions with Defendant Rose or a behavioral health worker. The second grievance, No. 332-11-19, relates to complaints Bradley had with dental treatment that he needed because his partial dentures were broken in the October 27, 2019 altercation. No defendant is named or described in further detail in the second grievance.

## ANALYSIS

Summary judgment is "proper if the pleadings, discovery materials, disclosures,

and affidavits demonstrate no genuine issue of material fact such that [Defendants are] entitled to judgment as a matter of law." *Wragg v. Village of Thornton*, 604 F.3d 464, 467 (7th Cir. 2010). Lawsuits filed by inmates are governed by the provisions of the Prison Litigation Reform Act ("PLRA"). *See* 42 U.S.C. §1997e(a). The Act states, in pertinent part, that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id*. As an inmate confined within the IDOC, Plaintiff was required to follow the regulations contained in the IDOC's Grievance Procedures for Offenders ("grievance procedures") to exhaust his claims properly. *See* 20 ILL. ADMIN. CODE §504.800, *et seq*.

The grievance procedures require inmates to file their grievance with the counselor within 60 days of the discovery of an incident. *See* 20 ILL. ADMIN. CODE §504.810(a). The grievance form must:

> contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint. This provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible.

20 ILL. ADMIN. CODE §504.810(c). Grievances that are unable to be resolved through routine channels are then sent to a grievance officer. *See* 20 ILL. ADMIN. CODE § 504.820(a). The grievance officer will review the grievance and provide a written response to the inmate. *See* 20 ILL. ADMIN. CODE § 504.830(a). The Chief Administrative Officer (CAO) then reviews the findings and recommendation of the grievance officer and issues a

written decision to the inmate. 20 ILL. ADMIN. CODE § 504.830(e). If the inmate is not satisfied with the response, he can file an appeal it through the ARB. *See* 20 ILL. ADMIN. CODE § 504.850(a). Only after a grievance is reviewed by the ARB is it deemed exhausted.

The relevant grievances do not address any allegations related to the claims remaining in this action. They describe an altercation with Officer Brockmeyer, but they describe no assault by any other individual. Mentions of other officers in the grievances include claims that they entered Bradley's cell while he was absent and destroyed his personal property. Those claims, however, are not tied to Bradley's complaint in this action. The grievances do not mention assaults other than the chuckhole assaults. They do not mention a behavioral health worker who refused to intervene, and they do not mention anyone interfering with Bradley's diaper or catheter. As these grievances are not tied to Bradley's claims in this action, they do not exhaust his claims against Defendants.

## CONCLUSION

For the above-stated reasons, Defendants' motions for summary judgment on the issue of exhaustion (Docs. 48, 54) are **GRANTED**. Plaintiff Deandre Bradley's claims against Defendants Daniel Garcia, Matthew Blake, Tyler Robinson, and Brian Evinger in Counts 1, 2, and 3 and against Defendant Amanda Rose in Count 4, are **DISMISSED without prejudice** for failure to exhaust.

Defendant Alex Jones is a party to this action in his official capacity only for purposes of executing any injunctive relief that is ordered. As no substantive claims remain in this action, no injunctive relief shall be ordered. The Clerk of Court is

**DIRECTED** to terminate Jones as a party to this action. The Clerk shall then enter judgment reflecting dismissal of this action and shall close this case.

    **SO ORDERED.**

    Dated: May 28, 2021

                                                      DAVID W. DUGAN
                                                    United States District Judge